**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENZO MACIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-cv-13988 |
| | ) | |
| v. | ) | |
| | ) | |
| SAM J. PITASSI and THE VILLAGE OF MELROSE PARK, | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ENZO MACIAS, by and through his attorneys, ED FOX & ASSOCIATES, LTD., and complaining of Defendants SAM J. PITASSI and THE VILLAGE OF MELROSE PARK, and states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).

2. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

3. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

4. At all times relevant, Plaintiff ENZO MACIAS ("Macias") was a citizen of the United States and was within the jurisdiction of this Court.

5. At all times relevant, Defendant SAM J. PITASSI ("Defendant Pitassi"), was employed by the Melrose Park Police Department

6. At all times relevant, Pitassi acted under the color of state law and as the employee, agent, and/or representative of the Melrose Park Police Department. Macias is suing Pitassi in his individual capacity.

7. THE VILLAGE OF MELROSE PARK ("the Village") is a political division of the State of Illinois and serves as the employer of Pitassi. Pitassi acted as a representative, employee, and/or agent of the Village. Pursuant to the doctrine of respondeat superior, the Village bears liability for all state law claims committed by their representatives, employee, and agents acting within that scope.

## FACTUAL ALLEGATIONS

8. On or about April 1, 2023, Macias was lawfully sitting in the rear passenger seat in a vehicle driven by Eddy Cruz-Fernandez and another individual sitting in the front passenger seat in Melrose Park, Illinois.

9. Pitassi and his partner conducted the traffic stop on the vehicle based on the suspicion that the vehicle did not have a front license plate.

10. Pitassi asked whether everyone inside the vehicle had IDs on them.

11. Macias responded that the passengers did not need to have IDs.

12. Pitassi then commanded everyone to exit the motor vehicle, and everyone, including Macias, complied.

13. Pitassi then handcuffed and searched Macias, but no contraband was found.

14. Pitassi charged Macias with municipal ordinance violation 9.08.020, interfering with a village official while on duty.

15. There was no just cause for Pitassi to command Macias to exit the vehicle, handcuff, search, arrest, and/or charge Macias with violating any laws.

16. The charge initiated against Macias was dismissed on or about September 19, 2023, indicative of his innocence.

17. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Pitassi, Macias suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

18. The actions and/or omissions mentioned above by Pitassi were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Macias' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19. By reason of the above-mentioned actions and/or omissions by Pitassi, Macias retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Macias requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, or any other provision set by law.

**COUNT I**

**42 U.S.C. § 1983 – FALSE ARREST**

**(FOURTH AMENDMENT)**

20. Macias hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereof as though fully set forth at this place.

21. Pitassi deprived Macias of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

22. Pitassi arrested Macias for allegedly violating of municipal ordinance violation 9.08.020, interfering with a village official while on duty because he did not have an ID on his person, presenting an ID, and/or not identifying himself upon request.

23. There was no probable cause to arrest Macias.

24. The arrest was unnecessary, unreasonable, and excessive.

25. As a result, Macias was injured emotionally and financially.

26. Therefore, Pitassi is liable to Macias pursuant to 42 U.S.C. § 1983.

**COUNT II**

**42 U.S.C. § 1983 – UNREASONABLE SEARCH**

**(FOURTH AMENDMENT)**

27. Macias hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereof as though fully set forth at this place.

28. Pitassi deprived Macias of his rights, privileges, and immunities secured by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

29. Pitassi searched Macias' person.

30. There was no just cause to search Macias' person.

31. The search was unnecessary, unreasonable, and excessive.

32. As a result, Macias was injured emotionally and financially.

33. Therefore, Pitassi is liable to Macias pursuant to 42 U.S.C. § 1983.

**COUNT III**

**42 U.S.C. § 1983 – MALICIOUS PROSECUTION**

**(FOURTH AMENDMENT)**

34. Macias hereby incorporates and realleges paragraphs one (1) through nineteen (19)

hereof as though fully set forth at this place.

35. Pitassi deprived Plaintiff of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendmentto the Constitution of the United States and laws enacted thereunder.

36. Pitassi initiated, facilitated, and/or continued a malicious prosecution against Macias by arresting and charging him with a violation of municipal ordinance violation 9.08.020, interfering with a village official while on duty.

37. There was no probable cause to arrest and charge Macias.

38. The proceeding was terminated in Macias' favor on September 19, 2023.

39. The foregoing was unnecessary, unreasonable, and excessive.

40. As a result, Macias was injured emotionally and financially.

41. Therefore, Pitassi is liable to Macias pursuant to 42 U.S.C. § 1983.

**COUNT IV**

**42 U.S.C. § 1983 – RETALIATION**

**(FIRST AMENDMENT)**

42. Macias hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereof as though fully set forth at this place.

43. Pitassi deprived Macias of his rights, privileges, and immunities secured by the First Amendment to the Constitution of the United States and laws enacted thereunder.

44. Macias engaged in protected First Amendment activity by telling Pitassi that a passenger in a vehicle does not need an ID.

45. Macias was searched, arrested, and/or charged with a violation of municipal ordinance violation 9.08.020, interfering with a village official while on duty.

46. There was no just cause to search, arrest and/or charge Macias.

47. Macias telling Pitassi was at least a motivating factor of the search, arrest, or charge of Macias.

48. As a result, Macias was injured emotionally and financially.

49. Therefore, Pitassi is liable to Macias pursuant to 42 U.S.C. § 1983.

**COUNT V**

**FALSE IMPRISONMENT/ARREST**

**(ILLINOIS STATE LAW)**

50. Macias hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereof as though fully set forth at this place.

51. Pitassi intentionally confined Macias within fixed boundaries by placing him into handcuffs and arresting him.

52. Macias were aware of the confinement and/or was harmed by it.

53. Pitassi violated the law by falsely imprisoning/arresting Macias.

54. Macias suffered emotional and other damages from the unlawful acts of Pitassi.

55. Macias' imprisonment/arrest was unnecessary and unreasonable.

56. Thus, the Village of Melrose Park is liable under the doctrine of *respondeat superior* for the state law claims of false imprisonment/arrest.

**WHEREFORE**, Plaintiff, ENZO MACIAS, by and through his attorneys, Ed Fox & Associates, request judgment as follows:

1. Defendants pay Macias' general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Macias special damages;

3. Defendants pay Macias' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Pitassi pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Macias' costs of the suit herein incurred; and

6. Macias have such other and further relief as this Court may deem proper.

BY: *<u>/s/ Peter T. Sadelski</u>*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

BY: *<u>/s/ Peter T. Sadelski</u>*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com